IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONALD A. BALDER**                                                                                    **PLAINTIFF**

VS.                                                              CIVIL ACTION NO.  2:16-cv-00130-KS-MTP

**THOMAS E. LAVIN, SURGICAL SPECIALISTS
OF LOUISIANA, LLC, SURGICAL SPECIALISTS
OF MISSISSIPPI, LLC and MICHAEL THOMAS,
and DOES 1-10**                                                                                         **DEFENDANTS**

**PLAINTIFF'S AMENDED MOTION TO QUASH AND TO EXCLUDE[1]**

Plaintiff Donald A. Balder, files this Motion to Quash and to Exclude, as follows:

1.      This litigation involves a business dispute between the parties.  At one point, Plaintiff was an employee of Defendant Surgical Specialists of Mississippi, LLC.  Plaintiff was ultimately terminated.  In sum, this litigation relates to a dispute over whether Plaintiff was underpaid or overpaid compensation during his tenure with Defendants.

2.      This Court entered a Case Management Order on May 3, 2017.  The Court entered a Case Management Plan Order on or about May 3, 2017 [Docket No. 31].  The Court set the original discovery deadline for December 1, 2017 [Docket No. 31].  On or about October 11, 2017, Defendants filed an Unopposed Motion to Extend Certain Deadlines in the Case which requested that the Court extend certain deadlines including but not limited to the discovery deadline by twenty-one days [Docket No. 48].  The Court granted that Motion by Order dated October 12, 2017, and extended the discovery deadline to December 22, 2017 [Docket No. 49].  The parties filed a Joint Motion to Continue Trial Date and for Extension of Certain Deadlines in this Case on or about December 4, 2017 [Docket No. 59].  The Court granted that Motion on or about December 5, 2017 [Docket No. 60]. The Court extended the discovery deadline up to and including March 6, 2018. On March 6, 2018, Plaintiff filed a Motion to Extend the Discovery Deadline [Docket No. 69].  The

---

[1]Plaintiff files this Amended Motion to correct the title to this document.

Court entered an Order denying that Motion [Docket No. 70]. Since the close of discovery, the parties have engaged in settlement negotiations with the assistance of this Court and have filed and briefed substantive Motions. The Court has ruled on the substantive Motions [Docket No. 96].

3. On or about June 18, 2018, Defendant served a subpoena duces tecum on Plaintiff's certified public accountant firm broadly seeking all financial documents for Plaintiff for several years [Docket No. 97]. The documents are set to be delivered to Defendants' counsel tomorrow, March 27, 2018. The discovery deadline ended over three months prior to the issuance and service of this subpoena. Defendants did not file a Motion seeking the Court's approval to issue and serve this subpoena. In addition, the subject subpoena is overly broad as it requests all of Plaintiff's documents for numerous years with no limitations or exceptions.

4. Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this Court quash the subject subpoena and Order that the certified public accountant firm be prohibited from transmitting these documents to Defendants' counsel. Again, the issuance and service of this subpoena violates the discovery deadline Ordered by this Court. Also, these documents may contain irrelevant, privileged or otherwise objectionable material, and the delivery of these documents directly to Defendants' counsel is highly prejudicial to Plaintiff. Plaintiff further requests that the Court Order that if Defendants receive the documents pursuant to this subpoena prior to the Court ruling on this Motion, that Defendants be prohibited from reviewing these documents until the Court rules on this Motion. If the Court grants the Motion, then Plaintiff would request that the Court Order that Defendants immediately return the documents to the certified public accounting firm. Defendants have completely ignored this Court's discovery deadline and have placed Plaintiff in an unfair position relating to continuing discovery. Plaintiff should not be allowed to take this action without specific authority from this Court.

5. Plaintiff further requests that the Court enter an Order excluding these documents and the information contained therein as evidence at trial and prohibiting Defendants from utilizing these documents and the information contained therein at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant this Motion as set forth above. Plaintiff further requests that the Court relieve Plaintiff of the obligation of filing a Memorandum in support of this Motion based on the brevity of the Motion and the simplicity of the relief sought therein.

This the 26th day of June, 2018.

>Respectfully submitted,
>
>HOLADAY LAW FIRM, PLLC
>
>  /s/    John G. Holaday
>John G. Holaday

OF COUNSEL:

John G. Holaday, MS BAR#9814
HOLADAY LAW FIRM, PLLC
P.O. Box 321406
Flowood, MS 39232
Telephone: 601.414.3575
Facsimile: 601.992.7727
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I have on this date served, via the electronic filing system of this Court, a true and correct copy of the above and foregoing to the following: R. Mark Hodges and Charles E. Cowan, Wise Carter Child & Caraway, P.A., Post Office Box 651, Jackson, MS 39205-0651, rmh@wisecarter.com and cec@wisecarter.com.

This 26th day of June, 2018.

>  /s/  John G. Holaday
>John G. Holaday